

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

New Case Electronically Filed:
December 12, 2017 09:14

By: ROBERT P. RUTTER 0021907

Confirmation Nbr. 1248030

WALTER CALDWELL                                              CV 17 890292

    vs.
                                                         **Judge:**  JOHN J. RUSSO

ALLSTATE PROPERTY AND CASUALTY INSURANCE
COMPANY

**Pages Filed:**  10

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| WALTER CALDWELL<br>14501 Birchwood Avenue<br>Cleveland, Ohio 44111<br><br>     Plaintiff<br><br>  vs.<br><br>ALLSTATE PROPERTY AND<br>CASUALTY INSURANCE COMPANY<br>75 Executive Parkway<br>Hudson, Ohio 44237<br><br>     Defendant | CASE NO.<br><br>JUDGE<br><br>**COMPLAINT**<br>**(Jury Demand Endorsed Hereon)** |

## THE PARTIES

1. Plaintiff, Walter Caldwell, owns a house located at 14501 Birchwood Avenue, Cleveland, Cuyahoga County, Ohio ("the Property").

2. Defendant, Allstate Property & Casualty Insurance Company ("Allstate"), insured the house and contents under policy number 980 249 541, coverage period 12/19/2016 to 12/19/2017 ("the Policy"). The declarations pages and other relevant sections of the Policy are attached as Exhibit 1. The Policy was a renewal of an earlier Allstate policy that provided the same coverage.

## THE INSURANCE CLAIM

3. On or about January 22, 2017, while Allstate's policy was in force, the house sustained a water loss that caused severe damage to the house and its contents.

4. Plaintiff promptly reported the loss to Allstate, which commenced an investigation.

5. Plaintiff cooperated with the claim investigation and appeared for an examination under oath on April 26, 2017, and also submitted a proof of loss and voluminous documents that were requested by Allstate.

6. By letter dated November 16, 2017 Allstate denied the claim in its entirety. The denial letter is attached as Exhibit 2.

7. Allstate's decision to deny this claim was incorrect and contrary to the terms of the insurance policy.

## FIRST CAUSE OF ACTION
### (Breach of Contract Against Allstate)

8. Plaintiff incorporates by reference the above allegations.

9. Plaintiff had a contract with Allstate on the day the loss occurred.

10. Allstate breached the insurance contract by failing to pay to plaintiff the amounts due under the Policy.

11. As a direct and proximate cause of Allstate's breach of the insurance contract, plaintiff has been denied the policy benefits due him under the contract in an amount in excess of $25,000.

12. As a further direct and proximate cause of Allstate's breach of the insurance contract, plaintiff has suffered other reasonably contemplated damages.

## SECOND CAUSE OF ACTION
### (Lack of Good Faith)

13. Plaintiff incorporates by reference the above allegations.

14. In adjusting plaintiff's claim, Allstate, through its agents, adjusters, and investigators, acted unreasonably, without reasonable justification, fraudulently, intentionally, recklessly, and not in good faith.

15.     Allstate, through its agents, adjusters, and investigators, failed to adequately investigate the claim and made the claim decision without reasonable justification.

16.     Allstate, through its adjusters, agents, and investigators, acted without reasonable justification, intentionally, willfully, wantonly and with actual malice in the following respects:

- Allstate failed to adequately investigate the claim;
- Allstate lacked reasonable justification for concluding that the house was vacant or unoccupied at the time of the loss;
- Allstate lacked reasonable justification for concluding that plaintiff failed to use reasonable care to maintain heat in the house prior to the loss.

17.     The actions and omissions of Allstate demonstrate malice, aggravated or egregious fraud, oppression, or insult and Allstate, as principal or master of its agents and adjusters, authorized, participated in, and ratified the actions or omissions of its agents and adjusters in this regard.

18.     As a direct and proximate cause of Allstate's lack of good faith, plaintiff has suffered emotional distress and anxiety, inconvenience, increased loss of use, economic harm, and has incurred litigation expenses and attorney's fees.

19.     Plaintiff prays for judgment against Allstate in an amount in excess of $25,000 in compensatory damages and an amount in excess of $25,000 in punitive damages, the exact amount to be determined by the trier of fact, plus interest, costs, and attorney fees as allowed by law.

**THIRD CAUSE OF ACTION**
**(Declaratory Judgment)**

20.     Plaintiff incorporates by reference the above allegations.

21.     Plaintiff has a written contract with Allstate.

22. Prior to filing suit, plaintiff demanded appraisal of the amount of loss of this claim. The Policy provides:

> **Appraisal**
> If **you** and **we** fail to agree on the amount of loss, either party may make written demand for an appraisal. Upon such demand, each party must select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire within 15 days, **you** or **we** can ask a judge of a court of record in the state where the **residence premises** is located to select an umpire.
>
> The appraisers shall then determine the amount of loss, stating separately the actual cash value and the amount of loss to each item. If the appraisers submit a written report of an agreement to **you** and to **us** the amount agreed upon shall be the amount of loss. If they cannot agree, they will submit their differences to the umpire. A written award agreed upon by any two will determine the amount of loss.
>
> Each party will pay the appraiser it chooses, and equally bear expenses for the umpire and all other appraisal expenses.

23. Pursuant to R.C. §2721.03 and R.C. §2721.04, plaintiff is entitled to a declaratory judgment from this court construing the Policy and the terms, limitations, and conditions contained in the Policy. Specifically, plaintiff is entitled to a declaration as to whether, based on the policy language, this is a covered claim; whether Allstate was allowed by the contract language to refuse to pay plaintiff based on the freezing exclusions quoted in the denial letter; whether plaintiff intentionally made any material misrepresentation to Allstate during the claim process; and whether Allstate is obligated to appraise the amount of the loss pursuant to the Policy's Appraisal condition.

24. Plaintiff requests this Court to resolve these disputes between the parties by issuing a declaration of rights to the extent permitted by Ohio law. The plaintiff further prays for

any further relief the Court deems proper, including but not limited to, an award of attorney fees, interest, and costs, as well as judgment against Allstate as specified above.

WHEREFORE, plaintiff prays for judgment against Allstate as set forth above, plus interest, costs, and attorney fees as allowed by law, and such other relief as the Court, in the exercise of its equitable jurisdiction, deems proper.

Respectfully submitted,

*/s/ Robert P. Rutter*
Robert P. Rutter (0021907)
RUTTER & RUSSIN, LLC
4700 Rockside, Suite 650
Cleveland, Ohio 44131
(216) 642-1425
brutter@OhioInsuranceLawyer.com

*/s/ John Shepherd*
John Shepherd (0025310)
SHORT & SHEPHERD
25935 Detroit Road, #329
Westlake, Ohio 44145
(440) 899-9990
johnbshep@sbcglobal.net

## JURY DEMAND

Plaintiffs hereby request, pursuant to Civil Rule 38(B), a trial by jury of the issues of the within lawsuit.

*/s/ Robert P. Rutter*
ROBERT P. RUTTER

## Renewal Homeowners Policy Declarations

Your policy effective date is December 19, 2016


You're in good hands.

Page 1 of 3

### Total Premium for the Premium Period (Your bill will be mailed separately)

| | |
|---|---|
| Premium for property insured | $655.79 |
| Premium for Scheduled Personal Property Coverage | 91.00 |
| **Total** | **$746.79** |

If you do not pay in full, you will be charged an installment fee(s). Refer to your bill for installment fee information.

### Discounts (included in your total premium)

| | | | |
|---|---|---|---|
| Home and Auto | 34% | Protective Device | 4% |
| Protective Device (SPP) | 5% | Claim Free | 15% |

## Location of property insured

14501 Birchwood, Cleveland, OH 44111-1315

## Rating Information*

Please review and verify the information regarding your insured property. Please refer to the Important Notice (X67831-1) for additional coverage information. Contact us if you have any changes.

The dwelling is of frame construction and is occupied by 1 family

Your dwelling is 2 miles to the fire department

**Dwelling Style:**
  Built in 1949; 1 family; 1541 sq. ft.; 1.5 stories

**Foundation:**
  Below grade basement, 100%

**Detached structure:**
  One 2-car detached garage

**Interior details:**
  One builders grade kitchen          One builders grade half bath
  One builders grade full bath

**Exterior wall type:**
  100% vinyl siding

**Interior wall partition:**
  100% drywall

**Heating and cooling:**
  Average cost heating system, 100%

**Additional details:**

Information as of November 2, 2016

### Summary

**Named Insured(s)**
Walter G Caldwell

**Mailing address**
14501 Birchwood Ave
Cleveland OH 44111-1315

**Policy number**
980 249 541

Your policy provided by
**Allstate Property and Casualty Insurance Company**

**Policy period**
Begins on **December 19, 2016** at 12:01 A.M. standard time, with no fixed date of expiration

**Premium period**
Beginning **December 19, 2016** through **December 19, 2017** at 12:01 A.M. standard time

Your Allstate agency is
**Spencer Insurance**
20800 Ctr Rdg #115
Rocky River OH 44116
(440) 333-5800

Some or all of the information on your Policy Declarations is used in the rating of your policy or it could affect your eligibility for certain coverages. Please notify us immediately if you believe that any information on your Policy Declarations is incorrect. We will make corrections once you have notified us, and any resulting rate adjustments, will be made only for the current policy period or for future policy periods. Please also notify us immediately if you believe any coverages are not listed or are inaccurately listed.

*(continued)*

OH070RB

Exhibit
1

Renewal Homeowners Policy Declarations
Policy number: 980 249 541
Policy effective date: December 19, 2016

Page 2 of 3

### Rating Information* (continued)
Interior wall height - 8 ft, 100%

**Fire protection details:**
Fire department subscription - no
2 miles to fire department

50 ft. to fire hydrant

**Roof surface material type:**
Composition
• 100% asphalt / fiberglass shingle

*This is a partial list of property details. If the interior of your property includes custom construction, finishes, buildup, specialties or systems, please contact your Allstate representative for a complete description of additional property details.

## Mortgagee
None

## Additional Interested Party
None

## Coverage detail for the property insured

| Coverage | Limits of Liability | Applicable Deductible(s) |
| --- | --- | --- |
| Dwelling Protection - with Building Structure Reimbursement Extended Limits | $199,859 | • $500 All peril |
| Other Structures Protection | $19,986 | • $500 All peril |
| Personal Property Protection - Reimbursement Provision | $149,895 | • $500 All peril |
| Additional Living Expense | Up to 12 months | |
| Family Liability Protection | $100,000 each occurrence | |
| Guest Medical Protection | $1,000 each person | |
| Building Codes | Not purchased* | |
| Water Back-Up | $5,000 | • $500 Water Back-Up |

Renewal Homeowners Policy Declarations
Policy number: 980 249 541
Policy effective date: December 19, 2016

Page 3 of 3


Allstate
You're in good hands.

| Coverage | Limits of Liability | Applicable Deductible(s) |
|---|---|---|
| ▶ Other Coverages Not Purchased: | | |
| • Business Property Protection* | • Extended Coverage on Musical Instruments* | • Incidental Office, Private School Or Studio* |
| • Business Pursuits* | • Extended Coverage on Sports Equipment* | • Increased Coverage on Money* |
| • Electronic Data Processing Equipment* | • Fire Department Charges* | • Increased Coverage on Securities* |
| • Electronic Data Recovery* | • Golf Cart* | • Increased Silverware Theft Limit* |
| • Extended Coverage on Cameras* | • Home Day Care* | • Loss Assessments* |
| • Extended Coverage on Jewelry, Watches and Furs* | • Identity Theft Expenses* | • Mine Subsidence* |
| | | • Satellite Dish Antennas* |

* This coverage can provide you with valuable protection. To help you stay current with your insurance needs, contact your agent to discuss available coverage options and other products and services that can help protect you.

## Scheduled Personal Property Coverage

Your policy includes Scheduled Personal Property Coverage. Please refer to the Scheduled Personal Property Endorsement (form APC201) for terms, conditions and exclusions applicable to your Scheduled Personal Property Coverage.

**Scheduled Personal Property Deductible: none**

| Property class | Total of individual item limits per class |
|---|---|
| Musical Instruments - Non Professional Rate | $15,000 |

## Your policy documents

Your Homeowners policy consists of the Policy Declarations and the following documents. Please keep them together.

- Homeowners Policy - APC220
- Extended Premises Endorsement - APC185
- Ohio Amendatory Endorsement - AP4784
- Extended Protection Amendatory Endorsement - APC232
- Ohio Homeowners Amendatory Endorsement APC316

## Important payment and coverage information

Here is some additional, helpful information related to your coverage and paying your bill:

▶ The Property Insurance Adjustment condition applies.

▶ Please note: This is not a request for payment. Your bill will be mailed separately.

Allstate Property and Casualty Insurance Company's Secretary and President have signed this policy with legal authority at Northbrook, Illinois.

*Steven P. Sorenson*
Steven P. Sorenson
President

*Susan L. Lees*
Susan L. Lees
Secretary

OH070RB



Electronically Filed 12/12/2017 09:14 / / CV 17 890292 / Confirmation Nbr. 1248030 / CLAHJ



Claims Great Lakes Northeast Ohio
PO BOX 660328
DALLAS TX 752660328

WALTER G CALDWELL
20341 GLENDALE DR
ROCKY RIVER OH 441163540

November 16, 2017

INSURED: WALTER CALDWELL
DATE OF LOSS: January 22, 2017
CLAIM NUMBER: 0443428586 1VH
POLICY NUMBER: 000980249541
LOSS LOCATION: 14501 BIRCHWOOD, CLEVELAND
LOSS TYPE: Property
CLIENT: Walter Caldwell

PHONE NUMBER: 888-656-8005
FAX NUMBER: 855-219-7494

**Registered Mail**
**Personal and Confidential**

Dear WALTER G CALDWELL,

We have completed our investigation of the aforementioned loss and our findings render Allstate Property and Casualty Insurance Company unable to pay your client's claim for the following reasons:

Allstate Property and Casualty Insurance Company ("Allstate") has reviewed the available information and has given careful consideration to your claim. Based upon the information that it has received, Allstate has made the decision to respectfully deny payment and liability for your claim for the following reasons:
1. The subject policy of insurance provides in pertinent part under the Allstate Property and Casualty Insurance Company Homeowners Policy, Form APC220, as follows at pp. 8 and 9:
* * *
Losses We Cover Under Coverage C
We will cover sudden and accidental direct physical loss to the property described in Coverage C – Personal Property Protection, except as limited or excluded in this policy, caused by:
14. Freezing of a plumbing, heating or air conditioning system or a household appliance.
We do not cover loss at the residence premises under perils 12), 13), and 14) caused by or resulting from freezing while the building structure is vacant, unoccupied or under construction unless you have used reasonable care to:
a) maintain heat in the building structure; or
b) shut off the water supply and drain the water from the systems and appliances.
* * *
The subject policy also provides in pertinent part as follows at p. 13:
* * *
Losses We Not Cover Under Coverage A, Coverage B and Coverage C
A. We do not cover loss to the property described in Coverage A – Dwelling Protection or Coverage B – Other Structures Protection consisting of or caused by the following:
1. Freezing of:
a) plumbing, fire protective sprinkler systems, heating or air conditioning systems;
b) household appliances; or
c) swimming pools, hot tubs and spas within the dwelling, their filtration and circulation systems;
or discharge, leakage or overflow from within a), b) or c) above, caused by freezing, while the building structure is vacant, unoccupied or being constructed unless you have used reasonable care to:

0443428586 1VH

Exhibit 2

a) maintain heat in the building structure; or
b) shut off the water supply and drain the system and appliances.
* * *
The subject loss consisted of or was caused by freezing of the plumbing system and discharge or leakage from the plumbing system caused by freezing, while the building structure was vacant and/or unoccupied and the named insured did not use reasonable care to maintain heat in the building structure and did not shut off the water supply and drain the system and appliances. Accordingly, the subject loss is excluded from coverage under the subject policy of insurance.
2. The subject policy of insurance provides in pertinent part at p. 5 as follows:
* * *
Misrepresentation, Fraud or Concealment
* * *
We do not cover any loss or occurrence in which any insured person has concealed or misrepresented any material fact or circumstance.
* * *
The insured has concealed or misrepresented a material fact or circumstance concerning the reported loss and accordingly, there is no coverage under the subject policy of insurance.

Please be advised that the subject policy of insurance provides in pertinent part as follows at pp. 19 and 20:
* * *
Section I Conditions
* * *
12. Action Against Us
No one may bring an action against us in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under a coverage to which Section I Conditions applies, unless:
a) there has been full compliance with all policy terms; and
b) the action is commenced within one year after the inception of loss or damage.
* * *
Allstate expressly rejects the validity and accuracy of any sworn statement in proof of loss that may have been submitted. Allstate expressly reserves its right to assert any and all other defenses which it may have to your claim, even though not enumerated herein, as they become known to Allstate or as its counsel may advise. Allstate does not waive or relinquish any of its rights or defenses under the policy of insurance or otherwise. Allstate has and will continue to require strict adherence to all policy of insurance terms and conditions.

If you have any questions regarding the full denial of your client's claim, please feel free to contact me.

Any person who, with intent to defraud or knowing that he is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement is guilty of insurance fraud.

Sincerely,

*VICTORIA HOENIGMAN*

VICTORIA HOENIGMAN
888-656-8005 Ext. 6554845
Allstate Property and Casualty Insurance Company